IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OSORIO, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 14-cv-130 |
| | : | |

O R D E R

AND NOW, this 5th day of September, 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (ECF No. 18) and Petitioner David Osorio, Jr.'s Objection thereto (ECF No. 18), and upon independent review of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation ("R&R") are OVERRULED.

   This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful and independent review of Petitioner's state court record, we do not dispute the factual conclusions contained in the R&R. However, Petitioner raises three primary objections to the R&R, which we will consider in turn.

   First, Petitioner asserts that AEDPA's statute of limitations should be equitably tolled in his case, presumably because the "lack of knowledge, [lack of] understanding of the law, indigence, ineffectiveness of counsel," and influence of "psychiatric medication" to which Petitioner alluded in his habeas petition prevented him from filing the petition in a timely manner. See Habeas Pet. 14, Pet'r's Objection to R&R 6, 20. Mental incompetence may sometimes furnish a ground for equitable tolling but only if the alleged incompetence affects the petitioner's ability to file an action on time. Champney v. Sec'y Pennsylvania Dep't of Corr., 469 F. App'x 113, 117 (3d Cir. 2012). Here, Petitioner was not mentally incapable of filing court documents during the relevant period. In fact, he filed one timely PCRA petition in state court before AEDPA's statute of limitations period expired, tolling the limitations period until that petition was dismissed. He subsequently filed multiple untimely PCRA petitions in state court. See R&R 2 & n.2. Because Petitioner was capable of filing a proper petition in the correct court before it was too late, equitable tolling would be inappropriate in this case. See Champney, 469 F. App'x at 118 ("[Petitioner's] participation in court proceedings over an extended period of time compel[s] the conclusion that the extraordinary remedy of equitable tolling is not warranted here."). Furthermore, the fact that Petitioner may have received poor legal representation and did not have access to paralegal assistance, see

1

    Pet'r's Objection to R&R 21, Habeas Pet. 14, is irrelevant. See generally Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (noting that even in non-capital cases where attorneys have committed errors, performed miscalculations, conducted inadequate research, or made other mistakes, courts have nonetheless found that equitable tolling is not warranted). Equitable tolling is therefore inappropriate in this case, since the impediments that Petitioner presented in his federal habeas petition would not have prevented him from filing a timely petition.

    Second, Petitioner's objections to the R&R consist largely of substantive allegations of constitutional violations by Lehigh County law enforcement officials and courts, see Pet'r's Objection to R&R 1–2, 7–13, as well as claims of ineffective assistance of counsel, see id. 3–5, 10. Since Petitioner did not file his petition within the statute of limitations, these substantive allegations are now moot. It is accordingly unnecessary to consider whether such allegations may also be procedurally defaulted. See R&R 7 n.4.

    Third, Petitioner argues that he provided the state courts a "fair opportunity" to consider and correct the alleged violations, see Pet'r's Objection to R&R 20, ostensibly suggesting that he satisfied the requirement that a federal habeas petitioner must first exhaust the remedies available in state courts. 28 U.S.C. § 2254(b)(1)(A). It is likewise unnecessary to reach this issue because the petition was filed outside the federal limitations period. In any event, as the factual findings in the R&R accurately reflect, Petitioner did not exhaust all state remedies prior to filing his federal habeas petition. Petitioner did not file a timely direct appeal with the Pennsylvania Superior Court before the decision of the Court of Common Pleas became final. See R&R 4–5.

2. For the foregoing reasons, the Report and Recommendation (ECF No. 18) is APPROVED and ADOPTED.

3. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without an evidentiary hearing.

4. No certificate of appealability shall issue.

5. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

                                              BY THE COURT:

                                              /s/ Legrome D. Davis

                                              Legrome D. Davis, J.